IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Earl C. Pinckney, FCI #10014, ) | |
| ) | Civil Action No. 6:04-22837-HFF-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Henry D. McMaster, Attorney ) | |
| General for South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a former state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

**FACTS PRESENTED**

The record reveals that the petitioner is currently confined at Federal Correctional Institution in Edgefield, South Carolina, pursuant to orders of commitment from the Federal Bureau of Prisons. The offense which is challenged by this action arises out of a 1986 indictment in the Court of General Sessions for Aiken County on a single count of armed robbery (85-GS-02-35).

The petitioner was represented at the trial level by Robert Childs. On January 20, 1986, the petitioner pled guilty before the Honorable Rodney A. Peeples to the lesser offense of strong armed robbery and was sentenced to confinement for a period of five years.

On February 15, 2002, the petitioner filed an application for post-conviction relief (PCR) in the state circuit court. In this application, the petitioner raised the following claims (verbatim):

(a)   Plea was entered in the absence of counsel;

(b)   Petitioner was never asked if he was under the influence of drugs or alcohol;

(c)   Petitioner was never asked if he was entering the plea of guilty knowingly, voluntarily and without threat of coercion or duress;

(d)   Petitioner was never informed by sentencing court what his rights were;

(e)   Petitioner was not advised that he had the right to confront the witness against him;

(f)   Petitioner was not informed that the instant plea of guilty could be used to enhance any subsequent convictions;

(g)   Petitioner was denied his constitutional right to counsel;

(h)   Petitioner did not appeal the plea of guilty in the above mentioned state case, because his right to do so was never made known. He is currently suffering from collateral consequences of this judgment in that the conviction for the State offense is currently being used to enhance punishment on a federal sentence.

Represented by Ben Jackson, the petitioner's PCR case was heard by the Honorable Marc Westbrook on January 8, 2003. Judge Westbrook issued an order on March 3, 2003, denying relief based upon the statute of limitations.

The petitioner filed a notice of appeal. On November 7, 2003, Tara Taggart of the South Carolina Office of Appellate Defense filed a *Johnson* petition for writ of certiorari on the petitioner's behalf and moved to be relieved as counsel. There was only one question presented in the *Johnson* petition:

> Whether the court erred in summarily dismissing petitioner's post-conviction claim based upon the statute of limitations without an evidentiary hearing?

The petitioner also filed an unserved *pro se* petition at some point. The South Carolina Supreme Court denied the petition and granted counsel's motion to be relieved in an unpublished order entered on July 8, 2004. The remittitur was entered on July 26, 2004.

On November 4, 2004, the petitioner filed this *pro se* petition for writ of habeas corpus raising the following grounds for relief (verbatim):

> **Ground One**: The highest State Court decision adopting the lower Court ruling to deny and dismiss petitioner's 14th and 6th Amendment ("Gideon" . . . Right to assistance of Counsel) claim based on the State's statutue of limitations was . . . "Contrary to, or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1);
>
> **Ground Two**: Petitioner's 1986 prior uncounseled guilty plea (Strong Armed Robbery) conviction was entered in violation of his 14th and 6th Amendment right to assistance of Counsel.

(Pet. ii).

On January 20, 2005, the respondents filed a motion for summary judgment. By order of this court filed January 31, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the respondents' motion. On January 28, 2005, the plaintiff filed a response to the respondents' motion for summary judgment. On February 25, 2002, he filed "Mr. Pinckney's Supporting and Opposing Affidavit" with exhibits.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on

3

> the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

When presented with an application for habeas relief, the first inquiry is to determine whether the claim raised on habeas was "adjudicated on the merits" by the state court. 28 U.S.C.A. § 2254(d); *see Weeks v. Angelone*, 176 F.3d 249, 257 (4th Cir. 1999), aff'd, 120 S.Ct. 727 (2000). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable, application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.A. §2254(d)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). If, however, "a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits . . ., our review of questions of law and mixed questions of law and fact is de novo." *Weeks*, 176 F.3d at 258.

## **ANALYSIS**

The respondent has filed a motion for summary judgment alleging the petitioner's petition should be dismissed as untimely. Section 2244(d)(1) provides a one-year

4

statute of limitations in which state prisoners can file applications for a writ of habeas corpus. 28 U.S.C. §2244(d)(1). The one-year period generally runs from the date on which the state criminal judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). Section 2244 also has a tolling provision which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2).

The petitioner filed this petition for habeas relief on November 4, 2004. His state conviction, however, became final in 1986 before the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") became effective on April 24, 1996. Accordingly, the petitioner should have filed his habeas corpus application on or before April 23, 1997. *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998) (habeas petitioner whose right to seek habeas relief accrued prior to enactment of AEDPA allowed to bring petition within one year of AEDPA's effective date). Accordingly, this petition is untimely and should be dismissed in its entirety.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted.

s/William M. Catoe
United States Magistrate Judge

May 20, 2005

Greenville, South Carolina

5